1  **WO**

2

3

4

5             **IN THE UNITED STATES DISTRICT COURT**

6                  **FOR THE DISTRICT OF ARIZONA**

7

8

9

10   Douglas John Zolnierz,            )    No. CV 11-1182-PHX-RCB (MEA)
                                        )
11                  Plaintiff,          )    **ORDER**
                                        )
12                                      )
                                        )
13   vs.                                )
                                        )
14                                      )
     Jack Harris, et al.,               )
15                                      )
                                        )
16                  Defendants.         )
                                        )
17   _____)

18          On January 14, 2011, Plaintiff Douglas John Zolnierz, an inmate then-confined in the

19   Arizona Department of Corrections (ADC), filed a complaint in Maricopa County Superior

20   Court, matter No. CV2011-091252, alleging claims pursuant to 42 U.S.C. §§ 1983 and 1985,

21   as well as state law claims.  (Doc. 1.)  Plaintiff named the following current or former

22   employees of Maricopa County: former Presiding Maricopa County Superior Court Judge

23   Barbara Mundell; Presiding Maricopa County Superior Court Criminal Judge Gary Donahoe;

24   Associate Presiding Maricopa County Superior Court Judge Timothy Ryan; Maricopa

25   County Superior Court Judges Paul McMurdie, the late Pendleton Gaines, Charles Donofrio

26   III, Joseph Kreamer, John Ditsworth, and Brian R. Hauser; Maricopa County Superior Court

27   Commissioners Jerry Bernstein, E. Miles Nelson, Benjamin E. Vatz, Lisa Ann Vandenberg,

28   and Julie Newell; Maricopa County Superior Court Clerk; former Maricopa County Attorney

Andrew Thomas; Deputy Maricopa County Attorneys Shelly Kelley, Sherry Leckrone; and Michael W. Baker; Maricopa County Public Defender James Haas; Deputy Maricopa County Public Defender Elmer Parker; Deputy Maricopa County Legal Advocate Jabron (Jebbie) Whiteside; Stephen L. Duncan and Cedric M. Hopkins, court-appointed criminal defense attorneys; and Maricopa County Board of Supervisors Fulton Brock, Don Stapley, Andrew W. Kunasek, Max W. Wilson, and Mary Rose Wilcox (collectively "County Defendants"). Plaintiff also sues the following current or former employees of the City of Phoenix Police Department: former Police Chief Jack Harris; Commanders Frank Sweeney, Dave Faulkner, George Richards, Joseph Klima, and Ann Hughes; and Detectives Korey Eggert and Todd Everett.  Finally, Plaintiff sues Steve Harkin, a claim adjuster for the City of Phoenix Financial Department.  (Id.)  Defendants Whiteside, Wilson, Brock, Kunasek, Parker, Hauser, Vandenberg, Mundell, Newell, Leckrone, Gaines, Vatz, Nelson, Jeanes, Stapley, McMurdie, Haas, Kreamer, Wilcox, Ryan, Donahoe, Donofrio, Bernstein, and Baker were all served between May 18 and May 25, 2011.

On June 15, 2011, the County Defendants removed the case from Maricopa County Superior Court to federal court based on federal question subject matter jurisdiction. Defendants Baker, Brock, Haas, Kunasek, Leckrone, Parker, Stapley, Thomas, Whiteside, Wilcox, and Wilson have filed a motion to dismiss for failure to state a claim or to consolidate with a previously-filed case, Zolnierz v. Arpaio, No. CV11-0146-PHX-GMS.[1] (Doc. 5.)  Defendants Harris, Sweeney, Faulkner, Richards, Hughes, Eggert, Everett, and Harkin have also filed motions to dismiss or to consolidate with CV11-0146-PHX-GMS. (Doc. 6, 7.)  The Court will dismiss the Complaint with leave to amend using the court-approved form complaint in compliance with the Instructions and Rule 8 of the Federal Rules of Civil Procedure.  The Court will deny Defendants' motions to the extent they seek

---

[1]  Pursuant to LR Civ. 42.1(c), the motions to consolidate will be resolved by Judge Snow, who is presiding over CV11-0146.

1    dismissal as moot.

2    **I.    Removal to Federal Court was Proper**

3          A defendant may remove any civil action brought in state court over which the federal

4    court would have original jurisdiction. 28 U.S.C. §1441(a).  That is, a civil action that could

5    have originally been brought in federal court may be removed from state to federal court.

6    Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  A federal court has original

7    jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United

8    States." 28 U.S.C. § 1331.

9          The Complaint in this case facially supports that subject matter jurisdiction exists in

10   federal court because Plaintiff alleges violations of his federal constitutional rights.  28

11   U.S.C. §§ 1441, 1442.  Further, Defendants removed the action from state court within 30

12   days after the case became removable. 28 U.S.C. § 1446(b). The Court concludes this case

13   was properly removed.

14   **II.    Statutory Screening of Prisoner Complaints**

15         The Court is required to screen complaints brought by prisoners seeking relief against

16   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

17   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

18   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

19   be granted, or that seek monetary relief from a defendant who is immune from such relief.

20   28 U.S.C. § 1915A(b)(1), (2).

21         A pleading must contain a "short and plain statement of the claim *showing* that the

22   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

23   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

24   unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

25   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

26   statements, do not suffice." Id.

27         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

28

claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint with leave to amend using the court-approved form complaint in compliance with the Instructions and Rule 8 of the Federal Rules of Civil Procedure.

## III.   Complaint

Plaintiff ostensibly alleges eight counts for "superior liability," failure to train, conversion, abuse of judicial process, deprivation of property, legal malpractice, judicial misconduct, and denial of access to the courts.  Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

- 4 -

Plaintiff alleges the following in his Complaint: Plaintiff is Black and suffers from serious mental illness (SMI). On January 9, 2009, an unidentified person came to Plaintiff's apartment with an unspecified weapon to rob and injure Plaintiff. Instead, that person, whom Plaintiff refers to as the "alleged victim," was shot and thereafter falsely blamed Plaintiff in reports to police. (Doc. 1 at 7, 8.) Defendant Eggert obtained a search warrant for Plaintiff's apartment and confiscated items. Plaintiff claims that following the search, $800 to $1000 was missing from his apartment. On January 16, 2009, Plaintiff was arrested by Defendant Everett. Incident to the arrest, Everett confiscated a backpack carried by Plaintiff as well as $1284 from Plaintiff. Everett told Plaintiff that Eggert wanted to talk to him. Plaintiff told Everett that he did not wish to speak to Eggert and asked for an attorney. Nevertheless, Everett took Plaintiff to be interviewed by Eggert. Eggert knew that Plaintiff was a Magellan client[2] and had SMI. Plaintiff contends that Eggert used false statements in support of his efforts to obtain the search warrant for Plaintiff's apartment. Plaintiff also claims that Eggert used a "psychological ploy" during interrogation in order to obtain incriminating statements from Plaintiff in violation of his Fifth Amendment rights. (Doc. 1 at 9.) On January 23, 2009, Deputy County Attorney Kelly obtained an indictment from the grand jury charging Plaintiff with five counts.

In the ensuing months, Plaintiff filed police misconduct complaints against Eggert and Everett with Defendants Harris and Sweeney related to the money missing from Plaintiff's apartment following the search and the failure of Everett to provide a receipt for the money seized from him incident to his arrest. Plaintiff also filed claims or sent letters to Defendants Harkin and Faulkner seeking return of the confiscated money and/or policies concerning the confiscation of property incident to a search or arrest. Plaintiff also filed a special action

---

[2] Magellan Health Services of Arizona has contracted with the State of Arizona as the Regional Behavioral Health Authority and provides mental health and substance abuse care in Maricopa County. See http://www.magellanofaz.com/mypage-en/about-magellan ofaz/about-magellanofaz.aspx (last visited June 24, 2011).

seeking return of his missing or confiscated money, but Defendant Kreamer dismissed the case without prejudice to filing a civil suit. Further, Plaintiff filed a judicial complaint with Defendant Mundell concerning Defendants Nelson and Vandenberg based on their denial of his motion to represent himself in his criminal proceedings. Plaintiff asserts that Defendants Donahoe, Ryan, and McMurdie failed in their responsibilities to oversee other judicial officials. He asserts the Defendant Gaines deprived him of his personal property without due process. Plaintiff states that Defendant Jeanes filed his special action. Plaintiff appears to assert that Defendant Ditsworth failed to comply with the Arizona Constitution with respect to the deferral of filing fees for his special action.

In his criminal proceedings, Plaintiff was represented by Defendants Whiteside, Duncan, Parker, and Haas and Defendant Hopkins represented Plaintiff in state post-conviction proceedings. Plaintiff generally alleges that they failed to provide him with the effective assistance of counsel by failing to seek remand to the grand jury, file other pretrial motions, argue self-defense or challenge the validity of state statutes, and failed to seek the return of his missing or confiscated money.

**IV.    Use of a Court-Approved Form Complaint**

The Local Rules of Civil Procedure for the District of Arizona requires the use of a court-approved form complaint by incarcerated persons. Because Plaintiff commenced this action in state court, he did not use the court-approved form. The Court will dismiss the Complaint with leave to file an amended complaint on the court-approved form.

The Instructions for completing the court-approved form state in relevant part that:

> **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.** The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable. All questions must be answered clearly and concisely in the appropriate space on the form. If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action. You do not need to cite law.

(Instructions at ¶ 1.) Further, the Instructions direct that a plaintiff:

- 6 -

1   should not submit exhibits with the complaint or amended complaint. Instead,
2   the relevant information should be paraphrased. You should keep the exhibits
    to use to support or oppose a motion to dismiss, a motion for summary
3   judgment, or at trial.

4   (Id. at ¶ 10.) In addition, the Instructions provide that:

5   1. Counts. You must identify which civil right was violated. **You may allege
    the violation of only one civil right per count.**
6   2. Issue Involved. Check the box that most closely identifies the issue
    involved in your claim. **You may check only one box per count**. If you
7   check the box marked "Other," you must identify the specific issue involved.
8   3. Supporting Facts. After you have identified which civil right was violated,
    you must state the supporting facts. Be as specific as possible. You must state
    what each individual defendant did to violate your rights. If there is more than
9   one defendant, you must identify which defendant did what act. You also
    should state the date(s) on which the act(s) occurred, if possible.
10  4. Injury. State precisely how you were injured by the alleged violation of
    your rights.

11

12  (Id., part C.)

13      Plaintiff's Complaint is not on the court-approved form. Further, it significantly

14  exceeds the page limit. In addition, while Plaintiff ostensibly sets forth eight counts, he also

15  appears to assert numerous other claims that are not set forth in separate counts. For these

16  reasons, the Court will dismiss the Complaint with leave to amend using the court-approved

17  form in compliance with the Instructions and Rule 8 of the Federal Rules of Civil Procedure.

18  **V.     Standard to State a Claim Under § 1983**

19      With respect to any claim for relief pursuant to 42 U.S.C. § 1983, Plaintiff is informed

20  of the following: A plaintiff may seek relief for violations of his *federal* constitutional and

21  statutory rights under § 1983. To state a claim under § 1983, a plaintiff must allege facts

22  supporting that (1) the conduct about which he complains was committed by a person acting

23  under the color of state law and (2) the conduct deprived him of a federal constitutional or

24  statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a

25  plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular

26  defendant and he must allege an affirmative link between the injury and the conduct of that

27  defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

28

1     To state a claim against a defendant, a "plaintiff must allege facts, not simply

2    conclusions, that show that an individual was personally involved in the deprivation of his

3    civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual

4    to be liable in his official capacity, a plaintiff must allege that the official acted as a result of

5    a policy, practice, or custom or that the official promulgated a policy, practice or custom

6    resulting in the violation.  See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th

7    Cir. 2001).   In addition, there is no *respondeat superior* liability under § 1983, so a

8    defendant's position as the supervisor of someone who allegedly violated a plaintiff's

9    constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658,

10   691 (1978); Taylor, 880 F.2d at 1045.  A supervisor in his individual capacity, "is only liable

11   for constitutional violations of his subordinates if the supervisor participated in or directed

12   the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d

13   at 1045.  Further, where a defendant's only involvement in allegedly unconstitutional

14   conduct is the denial of administrative grievances, the failure to intervene on a prisoner's

15   behalf to remedy the alleged unconstitutional behavior does not amount to active

16   unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th

17   Cir. 1999); accord Mintun v. Blades, No. CV-06-139-BLW, 2008 WL 711636, at *7 (D.

18   Idaho Mar. 14, 2008); Stocker v. Warden, No. 1:07-CV-00589LJODLBP, 2009 WL 981323,

19   at *10 (E.D. Cal. Apr. 13, 2009).

20     **A.  Maricopa County Supervisors**

21     Plaintiff sues the members of the Maricopa County Board of Supervisors.  Plaintiff

22   alleges no facts against any Board member in his or her individual capacity.   When

23   individuals, such as members of the Maricopa County Board of Supervisors, are sued in an

24   official capacity, the real party in interest is the entity of which the officers are agents.

25   Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell, 436 U.S. at 690 n.55).

26   In this case, that entity is Maricopa County.  The actions of individuals may support

27   municipal liability only if a claimed injury resulted pursuant to an official policy or custom

28

of the municipality. <u>Botello v. Gammick</u>, 413 F.3d 971, 978-79 (9th Cir. 2005); <u>Cortez</u>, 294 F.3d at 1188. For that reason, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury. <u>Id.</u>; <u>Miranda v. City of Cornelius</u>, 429 F.3d 858, 868 (9th Cir. 2005). As stated by the Ninth Circuit:

> There are three ways to meet the policy, practice, or custom requirement for municipal liability under § 1983: (1) the plaintiff may prove that a public entity employee committed the alleged constitutional violation pursuant to a formal policy or a longstanding practice or custom, which constitutes the standard operating procedure of the local government entity; (2) the plaintiff may establish that the individual who committed the constitutional tort was an official with "final policy-making authority" and that the challenged action itself thus constituted an act of official government policy; or (3) the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action .... An unconstitutional policy need not be formal or written to create municipal liability under § 1983; however, it must be so permanent and well settled as to constitute a custom or usage with the force of law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 167-68, ... (1970). Furthermore, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under <u>Monell</u>, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policy maker." <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823-24, ... (1985).

<u>Avalos v. Baca</u>, 596 F.3d 583, 587-88 (9th Cir. 2010) (quoting <u>Avalos v. Baca</u>, 517 F. Supp.2d 1156, 1162 (C.D. Cal. 2007)). Therefore, a plaintiff cannot state a § 1983 claim against a municipal defendant unless he alleges that the municipal defendant maintained a policy or custom pertinent to the plaintiff's alleged injury and explains how such policy or custom caused his injury. <u>Sadoski v. Mosley</u>, 435 F.3d 1076, 1080 (9th Cir. 2006).

Plaintiff does not allege facts to support that he was injured as a result of a municipal policy or custom. Plaintiff thus fails to state a claim against the Board of Supervisors or Maricopa County.

### B. Mundell, Ryan, Donahoe, McMurdie, Thomas, Jeanes, Harkin, Harris, Faulkner, Sweeney, Richards, Klima, & Hughes

Plaintiff sues Judges Mundell, Ryan, Donahoe, and McMurdie, former County

1   Attorney Thomas, Maricopa County Clerk Jeanes, Claims Adjustor Harkin, former Police

2   Chief Harris, and Police Commanders Faulkner, Sweeney, Richards, Klima, and Hughes.

3   While each of these persons may be sued, Plaintiff fails to state a claim against any of them.

4   At most, Plaintiff's allegations as to these individuals are vague and conclusory.  Although

5   *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972),

6   conclusory and vague allegations will not support a cause of action.  Ivey v. Board of

7   Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal

8   interpretation of a civil rights complaint may not supply essential elements of the claim that

9   were not initially pled.  Id.  Accordingly, Defendants Mundell, Ryan, Donahoe, McMurdie,

10  Thomas, Jeanes, Harkin, Harris, Faulkner, Sweeney, Richards, Klima, and Hughes will be

11  dismissed.

12          **C.      Remaining Judicial Defendants**

13          As noted above, Plaintiff sues numerous Maricopa County Superior Court judges and

14  commissioners.  Judges are absolutely immune from damages for all judicial acts performed

15  within their subject matter jurisdiction, "even when such acts are in excess of their

16  jurisdiction, and are alleged to have been done maliciously or corruptly."  Stump v.

17  Sparkman, 435 U.S. 349, 356 (1978); Sadoski, 435 F.3d at 1079; Harvey v. Waldron, 210

18  F.3d 1008, 1012 (9th Cir. 2000).  An act is "judicial" when it is a function normally

19  performed by a judge and the parties dealt with the judge in the judge's judicial capacity.

20  Stump, 435 U.S. at 362; Crooks v. Maynard , 913 F.2d 699, 700 (9th Cir. 1990).  Such

21  immunity also "extends to actions for declaratory, injunctive and other equitable relief."

22  Mullis v. Bankruptcy Court for the Dist. of Nev., 828 F.2d 1385, 1394 (9th Cir. 1987).  Cf.

23  Pulliam v. Allen, 466 U.S. 522, 541-42 (1984) (state officials have judicial or quasi-judicial

24  immunity from damages only).

25          Plaintiff predicates liability against the remaining judicial Defendants – Gaines,

26  Bernstein, Nelson, Donofrio, Vatz, Kreamer, Ditsworth, Hauser, Vandenberg, and Newell

27  – on rulings in cases pending before them.  As discussed above, judges have absolute

28

1    immunity as to those acts.  Accordingly, these Defendants will be dismissed.

2        **D.    Remaining Prosecutor Defendants**

3            Plaintiff also sues Deputy Maricopa County Attorneys.  A prosecutor is absolutely

4    immune from liability under § 1983 for his conduct in "initiating a prosecution and in

5    presenting the State's case" insofar as that conduct is "intimately associated with the judicial

6    phase of the criminal process."  Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (citing

7    Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991)

8    (quoting Imbler, 424 U.S. at 430-431); Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir.

9    1986).  Immunity extends to a prosecutor "eliciting false or defamatory testimony from

10   witnesses" or for making false or defamatory statements during, and related to judicial

11   proceedings.  Buckley, 509 U.S. 259, 270 (1993) (citations omitted).

12           Plaintiff sues the remaining prosecutor Defendants – Kelley, Leckrone, and Baker –

13   based upon their prosecution of Plaintiff.  As discussed above, these Defendants are entitled

14   to prosecutorial immunity for those acts.  Accordingly, these Defendants will be dismissed.

15       **E.    Defense Attorneys**

16           Plaintiff sues various attorneys who represented him in state criminal and post-

17   conviction proceedings.  To state a claim under § 1983, a plaintiff must not only allege a

18   violation of his constitutional rights, but he must allege that a "defendant's actions were

19   taken under color of state law."  Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (citing

20   Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).  "Acting under color of state law

21   is 'a jurisdictional requisite for a § 1983 action.'"  Id. (quoting West v. Atkins, 487 U.S. 42,

22   46 (1988)).  "[A] person acts under color of state law only when exercising power 'possessed

23   by virtue of state law and made possible only because the wrongdoer is clothed with the

24   authority of state law.'"  Polk County v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting

25   United States v. Classic, 313 U.S. 299, 326 (1941)).  Whether an attorney representing a

26   criminal defendant is privately retained, a public defender or court-appointed counsel, he

27   does not act under color of state law.  See Polk, 454 U.S. at 317-18; Miranda v. Clark

28
                                              - 11 -

1   County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*).

2       Plaintiff sues these Defendants based upon their representation of him during criminal

3   and post-conviction proceedings.  Because none of these Defendants acted under color of

4   state law for purposes of § 1983 in representing Plaintiff in those proceedings, Plaintiff fails

5   to state a claim against any of them and they will be dismissed.

6       **F.    Heck v. Humphrey**

7       Although unclear, it appears that Plaintiff may be attempting to obtain relief in this

8   action for alleged constitutional violations in connection with his conviction for misconduct

9   involving weapons.  A civil rights claim brought pursuant to § 1983 that, if successful, would

10  necessarily undermine the validity of a conviction or the duration of a sentence may not be

11  brought before the prisoner has obtained a "favorable termination" of the underlying

12  conviction; a prisoner's *sole* federal remedy to challenge the validity or duration of his

13  confinement is a petition for a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475,

14  500 (1973); Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004).  That is, a civil rights

15  claim under § 1983 *does not accrue* unless or until the prisoner has obtained a "favorable

16  termination" of the underlying conviction.  See Heck, 512 U.S. at 489; Docken, 393 F.3d at

17  1031.  Under the "favorable termination" rule:

18      In order to recover damages for allegedly unconstitutional conviction or
        imprisonment, or for other harm caused by action whose unlawfulness would
19      render a conviction of sentence invalid, a § 1983 plaintiff must prove that the
        conviction or sentence has been reversed on direct appeal, expunged by
20      executive order, declared invalid by a state tribunal . . . or called into question
        by a federal court's issuance of a writ of habeas corpus . . .
21

22  Heck, 512 U.S. at 486-87.  Without such a showing of a "favorable termination," a person's

23  cause of action under § 1983 has not yet accrued.  Id. at 489.  Thus, success on any claim

24  pursuant to § 1983 that would necessarily imply the invalidity of confinement, or its duration,

25  does not accrue "and may not be brought" unless and until the underlying conviction,

26  sentence or parole decision is reversed.  Only then may a plaintiff properly seek relief

27  pursuant to 42 U.S.C. § 1983.  Accordingly, to the extent that Plaintiff asserts violation of

28

his federal constitutional rights in this case, which if successful, would render his conviction or sentence invalid, Plaintiff fails to state a claim under § 1983.

**V.    Failure to State a Claim Under § 1985**

Plaintiff also purports to bring claims pursuant to 42 U.S.C. § 1985.  To state a claim under § 1985, a plaintiff must allege facts to support that he suffered discrimination based upon his race.  See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Butler v. Elle, 281 F.3d 1014, 1028 (9th Cir. 2002).  While Plaintiff alleges that he is Black and that he told Defendant Eggert "that Blacks suspected of committing an offense do not receive fair treatment in the criminal justice system."  (Doc. 1 at 9.)  Plaintiff fails to allege *facts* to support discrimination against *him* based on his race, including when, where, how, and by whom.  According, Plaintiff fails to state a claim under § 1985.

**VI.   Leave to Amend**

For the reasons discussed, Plaintiff's Complaint will be dismissed.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VII.   Warnings**

   **A.          Address Changes**

   Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

   **B.   Copies**

   Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   **C.   Possible Dismissal**

   If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

   (1)     The Complaint (Doc. 1) is **dismissed** with leave to amend using the court-approved form complaint in compliance with the Instructions and Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

   (2)     Defendants' motion to dismiss are **denied**.  (Doc. 5-7.)

   (3)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

   (4)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil . . .

- 14 -

rights complaint by a prisoner.

DATED this 27th day of June, 2011.

Robert C. Broomfield
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| | | |
|---|---|---|
| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>             Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)           )
                    Plaintiff,   )
                          )
         vs.             )  **CASE NO.** _____

                          )         (To be supplied by the Clerk)

(1) _____, )
(Full Name of Defendant)       )
(2) _____, )
                          )  **CIVIL RIGHTS COMPLAINT**
(3) _____, )  **BY A PRISONER**
                          )
(4) _____, )  ☐ Original Complaint
         Defendant(s).    )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )  ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                       1                           **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____ at _____.
(Position and Title)                                                                    (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____ at _____.
(Position and Title)                                                                    (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____ at _____.
(Position and Title)                                                                    (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____ at _____.
(Position and Title)                                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?  ☐ Yes   ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

**D.  CAUSE OF ACTION**

**COUNT I**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities  ☐ Mail  ☐ Access to the court  ☐ Medical care
☐ Disciplinary proceedings  ☐ Property  ☐ Exercise of religion  ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☐ No
  b.   Did you submit a request for administrative relief on Count I?   ☐ Yes   ☐ No
  c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes   ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion   ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes   ☐ No
    b.    Did you submit a request for administrative relief on Count II?    ☐ Yes   ☐ No
    c.    Did you appeal your request for relief on Count II to the highest level?    ☐ Yes   ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?        ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                               DATE                                                   SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.