**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DOUGLAS JOHN ZOLNIERZ, | No. CV 11-1182-PHX-RCB (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| JACK HARRIS, et al., | |
| Defendants. | |

Plaintiff Douglas John Zolnierz, an inmate then-confined in the Arizona Department of Corrections (ADC), filed a complaint in the Superior Court in Maricopa County, matter No. CV2011-091252, alleging claims pursuant to 42 U.S.C. §§ 1983 and 1985, as well as state law claims. (Doc. 1.) In an Order filed on June 28, 2011, the Court dismissed the Complaint with leave to amend. (Doc. 10.) Shortly before that Order was filed, Defendants Bernstein, Ditsworth, Donahoe, Donofrio, Gaines, Hauser, Jeanes, Kreamer, McMurdie, Mundell Nelson, Newell, Ryan, Vandenberg, and Vatz filed a motion to dismiss and Plaintiff filed a motion for extension of time to effect service and seeking a hearing. (Doc. 8, 9.) Both of those motions were denied. (Doc. 11.) On July 27, 2011, Plaintiff filed a notice of change of address, which reflects that he has been released from prison. (Doc. 12.) The same day, Plaintiff filed a First Amended Complaint. (Doc. 13.) The following day, Plaintiff filed a motion to stay proceedings or an extension of time to amend his Complaint, a motion for the appointment of counsel, and a motion for reconsideration of the dismissal of his Complaint. (Doc. 14-16.) The Court will deny Plaintiff's motions and dismiss the First Amended Complaint and this action as duplicative.

I.  **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's First Amended Complaint without leave to amend because it is duplicative of another case pending in federal court.

## II.     First Amended Complaint

Plaintiff ostensibly alleges four counts for denial of access to the courts and violation of due process. Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

Plaintiff sues more than thirty Defendants, including the State of Arizona; the Arizona Attorney General, Tom Horne; Maricopa County; and the City of Phoenix.

In addition, Plaintiff sues the following current or former employees of Maricopa County: former presiding judge of the Superior Court in Maricopa County Barbara Mundell; former presiding criminal judge of the Superior Court in Maricopa County Gary Donahoe; associate presiding judge in the Superior Court in Maricopa County Timothy Ryan; Superior Court in Maricopa County Judges Paul McMurdie, the late Pendleton Gaines, Charles Donofrio III, Joseph Kreamer, John Ditsworth, and Brian R. Hauser; Superior Court in Maricopa County Commissioners Jerry Bernstein, E. Miles Nelson, Benjamin E. Vatz, Lisa Ann Vandenberg, Barbara Spencer, and Julie Newell; Superior Court in Maricopa County Court Clerk Michael Jeanes; Maricopa County Attorney Bill Montgomery; Deputy Maricopa County Attorneys Mark Kaul, Sherry Leckrone, Michael W. Baker, and Adam Susser; Maricopa County Public Defender James Haas; Deputy Maricopa County Public Defender Elmer Parker; Deputy Maricopa County Legal Advocate Jabron (Jebbie) Whiteside; and Stephen L. Duncan, court-appointed criminal defense attorneys; and Maricopa County Board

of Supervisors Fulton Brock, Don Stapley, Andrew W. Kunasek, Max W. Wilson, and Mary Rose Wilcox (collectively "County Defendants").

Finally, Plaintiff also sues several current or former City of Phoenix employees. These include: Steve Harkin, a claim adjuster, and Jeff DeWitt, the Director of the City of Phoenix Financial Department. Plaintiff also sues City Attorney Gary Verburg and Assistant City Attorneys Christina Koehn[1] and James J. Sampanies. Plaintiff also sues the following current or former employees of the City of Phoenix Police Department: acting Police Chief Joseph Yahnerd; Commanders Frank Sweeney, Dave Faulkner, Joseph Klima, and Ann Hughes; and Detectives Korey Eggert and Todd Everett.

The primary thrust of Plaintiff's First Amended Complaint in this case is that $2,084 to $2,884 was confiscated from him or from his apartment by Detectives Eggert and Everett incident to an arrest and search, allegedly absent probable cause or a validly obtained warrant, and never returned to him. Plaintiff also asserts various federal and state constitutional violations in connection with his criminal proceedings.

**Background**

Plaintiff was arraigned before Commissioner Vandenberg and was charged with aggravated assault, misconduct involving weapons, and a marijuana violation occurring on January 12, 2009.[2] At a hearing on March 2, 2009, Commissioner Newell granted the State's motion to take evidence.[3] At that hearing, Assistant County Attorney Leckrone represented the State and defense counsel Whiteside represented Plaintiff. On March 19,

---

[1] Koehn is representing Eggert and Everett in another action filed by Plaintiff, Zolnierz v. Arpaio, No. CV11-0146-PHX-GMS, discussed further below.

[2] See http://www.courtminutes.maricopa.gov/docs/Criminal/022009/m3579895.pdf and http://www.courtminutes.maricopa.gov/docs/Criminal/042009/m3668204.pdf (last visited Aug. 31, 2011).

[3] See http://www.courtminutes.maricopa.gov/docs/Criminal/032009/m3604163.pdf (last visited Aug. 31, 2011).

- 4 -

2009, Commissioner Newell ordered a full Rule 11 competency evaluation of Plaintiff and the case was transferred to the Rule 11 Commissioner.[4] On April 30, 2009, Plaintiff was found incompetent and his pro per motions for change of counsel were denied until he was competent to make such requests and the Maricopa County Correctional Health Services was ordered to review Plaintiff's medications based on his actions in court.[5]

On June 29, 2009, Judge Kreamer dismissed Plaintiff's special action suit against Detective Eggert for retaining cash allegedly found in Plaintiff's apartment.[6]

On August 13, 2009, Plaintiff was determined to have been restored to competency; he was then represented by defense counsel Duncan.[7] On September 25, 2009, Plaintiff entered a guilty plea to misconduct involving weapons pursuant to a plea agreement.[8] On October 29, 2009, Plaintiff was sentenced by Judge Gaines to 2.5 years in prison with presentence incarceration credit of 286 days and all weapons, weapon accessories, and ammunition arising out of Phoenix Police Department Report #2009-90064107 were ordered forfeited.[9] On November 24, 2009, Duncan's motion to withdraw was granted.[10] Plaintiff

---

[4] See http://www.courtminutes.maricopa.gov/docs/Criminal/042009/m3650374.pdf (last visited Aug. 31, 2011).

[5] See http://www.courtminutes.maricopa.gov/docs/Criminal/052009/m3699065.pdf (last visited Aug. 31, 2011).

[6] See http://www.courtminutes.maricopa.gov/docs/Lower%20Court/072009/m3776778.pdf in case# LC2009-000405 (last visited Aug. 31, 2011).

[7] See http://www.courtminutes.maricopa.gov/docs/Criminal/082009/m3845926.pdf (last visited Aug. 31, 2011).

[8] See http://www.courtminutes.maricopa.gov/docs/Criminal/102009/m3908072.pdf (last visited Aug. 31, 2011).

[9] See http://www.courtminutes.maricopa.gov/docs/Criminal/102009/m3949464.pdf (last visited Aug. 31, 2011).

[10] See http://www.courtminutes.maricopa.gov/docs/Criminal/112009/m3986055.pdf (last visited Aug. 31, 2011).

1  subsequently sought relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure
2  and was appointed counsel.[11] Deputy County Attorney Susser represented the State in those
3  proceedings.[12] On August 19, 2011, the Superior Court denied Plaintiff's petition for post-
4  conviction relief.[13]

## II. Procedural History and the First Amended Complaint

Besides the present action, Plaintiff filed another civil rights complaint alleging the same claims at issue in this case. See Zolnierz v. Arpaio, No. CV 11-0146-PHX-GMS (D. Ariz.). This action was filed in federal court on January 21, 2011, months before the instant case was removed to federal court. To the extent that Plaintiff states a claim against any Defendant in this case, such claims are duplicative of those alleged in CV11-0146. The Court notes that the Defendants have already been served and appeared in CV11-0146 and that a scheduling conference is set in that case on September 30, 2011.

## III. A Duplicative Action Must Be Dismissed

An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under 28 U.S.C. § 1915(e). Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); see also McWilliams v. State of Colorado, 121 F.3d 573, 574 (11th Cir. 1997) (repetitious action may be dismissed as frivolous or malicious); Aziz v. Burrows, 976 F.2d 1158 (9th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (repetitious litigation of virtually identical causes of action is subject to dismissal as

---

[11] See http://www.courtminutes.maricopa.gov/docs/Criminal/122009/m4031288.pdf (last visited Aug. 31, 2011).

[12] See http://www.courtminutes.maricopa.gov/docs/Criminal/082011/m4856767.pdf (last visited Aug. 31, 2011).

[13] http://www.courtminutes.maricopa.gov/docs/Criminal/082011/m4860249.pdf

malicious).  Accordingly, the First Amended Complaint and this action will be dismissed as duplicative of <u>Zolnierz v. Arpaio</u>, No. CV 11-0146-PHX-GMS (D. Ariz.).

**IT IS ORDERED:**

(1) The First Amended Complaint and this action are **dismissed** without prejudice. (Doc. 13.)

(2) Plaintiff's motions are **denied** as moot. (Doc. 14-16.)

(3) The Clerk of Court must enter judgment accordingly.

(4) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 7th day of September, 2011.

Robert C. Broomfield
Senior United States District Judge

- 7 -